**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANA BEATRIZ CALDERON-ESPEJO, | No.    15-73588 |
| Petitioner, | Agency No. A095-734-576 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2019[**]
San Francisco, California

Before:  McKEOWN and GOULD, Circuit Judges, and LASNIK,[***] District Judge.

Ana Beatriz Calderon-Espejo, a native and citizen of Peru, applied for

asylum, withholding of removal, and protection under the Convention Against

Torture ("CAT").  She petitions for review of the Board of Immigration Appeals'

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

("BIA") decision to affirm the Immigration Judge's ("IJ") denial of her applications. We conclude that Calderon-Espejo is not a member of a particular social group and that substantial evidence supports the BIA's denial of CAT protection. Accordingly, we deny her petition.

"Where, as here, the BIA agrees with and incorporates specific findings of the IJ while adding its own reasoning, we review both decisions." *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We review *de novo* questions of law, including whether a group constitutes a "particular social group." *Pirir-Boc v. Holder*, 750 F.3d 1077, 1081 (9th Cir. 2014). We review denials of asylum, withholding of removal, and CAT relief for substantial evidence. *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014).

Calderon-Espejo claimed that a man in Peru—who she now believes belongs to the Shining Path guerrilla group—stalked, harassed, and threatened her to the point that she fled Peru. The IJ found Calderon-Espejo credible but denied her application because her proposed social group lacked sufficient particularity and social distinction. The IJ characterized the group as "women who have been harassed and threatened by men and whose complaints to police have failed to result in protection." The IJ further denied Calderon-Espejo's application under CAT because nothing in the record indicated that any government official acquiesced in the man's actions. The BIA affirmed.

To establish eligibility for asylum or withholding of removal based on membership in a particular social group, an applicant must "establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (quoting *Matter of M–E–V–G–*, 26 I. & N. Dec. 227, 237 (BIA 2014)). A particular social group must have definable, clear boundaries and its characteristics must have commonly accepted definitions. *Id.* at 1135. "Persecutory conduct aimed at a social group cannot alone define the group, which must exist independently of the persecution." *Matter of W–G–R–*, 26 I. & N. Dec. 208, 215 (BIA 2014).

Calderon-Espejo's proposed social group lacks particularity and, notably, is defined by the claimed persecutory conduct, *i.e.*, harassment and threats by men. Because this group does not exist independently from the claimed persecution, we affirm the BIA's dismissal for her applications for asylum and withholding of removal.

To qualify for CAT relief, Calderon-Espejo must show "it is more likely than not" she would be tortured in Peru if removed. 8 C.F.R. § 1208.16(c)(2). "Torture" is defined as "any act [of] severe pain or suffering . . . inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Government

3

acquiescence "requires only that public officials were aware of the torture but 'remained willfully blind to it, or simply stood by because of their inability or unwillingness to oppose it.'" *Bromfield v. Mukasey*, 543 F.3d 1071, 1079 (9th Cir. 2008) (quoting *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1060 (9th Cir. 2006)). "[G]eneral ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). The BIA confirmed the IJ's finding that nothing in the record indicated that Peruvian government officials acquiesced in the harassment, stalking, and threats Calderon-Espejo endured. Substantial evidence supports this finding and we affirm.

The petition for review is **DENIED.**